IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RENE A. GUZMAN                                                                                          PLAINTIFF

V.                                          Civil No. 2:23-cv-02146-MEF

MARTIN O'MALLEY, Commissioner,
Social Security Administration                                                                       DEFENDANT

**FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her applications for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and the parties having waived oral argument, finds as follows:

Consistent with the Court's ruling from the bench, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court finds that the ALJ's physical RFC determination is not supported by substantial evidence. Plaintiff suffers from severe back, neck, and shoulder impairments despite undergoing a microdiscectomy in April 2009; left shoulder arthroscopy with release of the adhesive capsulitis and pan-capsular; debridement of the rotator cuff interval; a distal clavicle resection; subacromial decompression consisting of acromioplasty, release of the coracoacromial ligament, a subacromial and subdeltoid bursectomy, debridement of the undersurface partial thickness tear of the supraspinatus tendon, a long head biceps tendon tenotomy; a second manipulation of the left

shoulder under anesthesia; three unsuccessful epidural steroid injections; and conservative treatment to include pain medication and physical and occupational therapy. MRIs of her lumbar and cervical spine conducted in June 2009 and September 2021, respectively, document mild disc desiccation at the L1-2 level; a disc bulge and bilateral joint arthrosis at the L4-5 level; status post right L5 hemilaminectomy with granulation abutting the right S1 nerve root; and disc herniation at the left L5-S1 level displacing the L5 nerve root; a C5-6 level right-sided disc protrusion with some mild uncovertebral joint degenerative changes; bilateral and probable neural foraminal stenosis, right worse than left; a congenitally unfavorable canal at the C3-C5 level; and a new small disc protrusion at the C4-5 level. Treating and/or examining physicians have opined that the Plaintiff could perform work allowing her to change positions frequently but could not sit, stand, or bend over to look at a computer for lengthy periods of time. Despite this evidence, the ALJ concluded the Plaintiff could perform light work with occasional posturals and overhead reaching, fingering, and handling with the left upper extremity. As such, remand is necessary to allow the ALJ to reconsider the Plaintiff's RFC.

IT IS SO ORDERED AND ADJUDGED on this the 19th day of November 2024.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE